The Honorable Bobby Lee Trammell State Representative 5213 Richardson Drive Jonesboro, Arkansas 72401-9686
Dear Representative Trammell:
This official Attorney General opinion is rendered in response to a question you have raised concerning the filling of vacancies in elective county offices.
You have asked:
 Would it violate any provision of the Arkansas Constitution or statutory law for a county quorum court to enact an ordinance providing a line of succession for the filling of vacancies in elective county offices, with the successions to be regarded in the ordinance as appointments of the quorum court?
It is my opinion that an ordinance such as you have described would be impermissible.
State law prohibits quorum courts from taking action that is contrary to or inconsistent with state law. A.C.A. § 14-14-805, which sets forth the powers that are expressly denied to counties, states:
 Each county quorum court in the State of Arkansas exercising local legislative authority is prohibited the exercise of the following:
* * *
(13) Any legislative act contrary to the general laws of the state.
A.C.A. § 14-14-805(13).
Similarly, A.C.A. § 14-14-801, which states the powers that are granted to counties, allows counties to exercise only power that is "not inconsistent with law." A.C.A. § 14-14-801(13).
The filling of vacancies in elective county offices is addressed by state law. A.C.A. § 14-14-1310 states:
14-14-1310. Filling vacancies in elective offices.
 (a)(1) COUNTY ELECTIVE OFFICES. Vacancies in all county elective offices shall be filled by the county quorum court through the process of resolution as prescribed by law.
A.C.A. § 14-14-1310(a)(1).
Implicit in A.C.A. § 14-14-1310 is the requirement that vacancies be filled by the quorum court that is sitting at the time the vacancy is filled.
This implication arises out of the requirement that vacancies in county elective offices be filled by resolution under the prescribed procedures for the adoption of resolutions. Resolutions must be read and adopted by a majority of the quorum court. See A.C.A. § 14-14-913, which states in pertinent part:
14-14-913. Adoption and amendment of resolutions.
 (d) A proposed resolution must be read and adopted by a majority vote of the whole number of justices comprising a quorum court. On the passage of every resolution or amendment to an existing resolution, the yeas and nays shall be called and recorded in the minutes of the meeting.
A.C.A. § 14-14-913(d).
Because the quorum court must vote on resolutions to fill vacancies, an ordinance providing for automatic succession (without such a vote) would violate this requirement.
Accordingly, I conclude that such an ordinance would be impermissibly contrary to and inconsistent with state law, thus violating the provisions of both A.C.A. § 14-14-805(13) and A.C.A. § 14-14-801(13).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh